UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMED DANESHMAND POURLASHGARI,<br><br>Petitioner,<br><br>v.<br><br>SHASTA COUNTY SUPERIOR COURT,<br><br>Respondent. | Case No.  2:22-cv-00430-JDP (HC)<br><br>ORDER:<br><br>(1) GRANTING PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*; AND<br><br>(2) DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO RULE ON THESE FINDINGS AND RECOMMENDATIONS<br><br>ECF No. 6<br><br>FINDINGS AND RECOMMENDATIONS THAT THE PETITION BE DISMISSED WITHOUT PREJUDICE AS UNEXHAUSTED<br><br>ECF No. 2 |

Petitioner, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. He admits, however, that he did not exhaust his claim in state court before filing this petition. ECF No. 2 at 7-8. Thus, I will recommend that the petition be dismissed without prejudice so that petitioner may return to state court and properly exhaust.

The amended petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that

1

the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner indicates that he did not appeal his conviction or seek any form of review in the California Supreme Court. ECF No. 2 at 7. Thus, his claim is unexhausted, *see Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) ("A petitioner satisfies the exhaustion requirement by fully and fairly presenting each claim to the highest state court."), and I must recommend that his petition be dismissed, *see Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."). I note that petitioner argues that he did not pursue any state post-conviction remedies because, in part, he is mentally disabled and did not understand the proper processes. ECF No. 2 at 4, 7-8. That disability may entitle him to some amount of equitable tolling if he manages to exhaust his claims and return to federal court. It does not, however, excuse his failure to exhaust at this point.

Accordingly, it is ORDERED that:

1. The Clerk of Court shall assign a district judge to rule on these findings and recommendations.

2. Petitioner's application to proceed *in forma pauperis*, ECF No. 6, is GRANTED.

Further, it is RECOMMENDED that the petition, ECF No. 2, be DISMISSED without prejudice as unexhausted.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: ___May 10, 2022___     _____
                              JEREMY D. PETERSON
                              UNITED STATES MAGISTRATE JUDGE

3